IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAYLOR ROGERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-02757 |
| | § | |
| CITY OF SANTA FE, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT RUBEN ESPINOZA'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Ruben Espinoza (Chief Espinoza) files its Answer and affirmative Defenses to Plaintiff's Original Complaint.[1]

### ANSWER

1. Chief Espinoza admits the factual allegations as asserted in this paragraph.

2. Chief Espinoza admits that the City of Santa Fe is a governmental unit of the State of Texas and is located where it is stated in this paragraph. The remainder of the assertions in this paragraph are legal conclusions that do not require admission or denial. In the event there are such factual allegations, such assertions are denied.

3. Chief Espinoza, who is the Chief of Police for the Santa Fe Independent School District Police Department (not a "Sergeant" in the "Santa Fe Police Department"), denies the factual allegations as asserted in this paragraph.

4. Chief Espinoza admits that Officer Christian Carranza is an officer in the Santa Fe

---

[1] The numbered paragraphs in this Answer correspond to the paragraph numbers in Plaintiff's Original Complaint and Jury Demand (Dkt. 1). To the extent that Plaintiff's unnumbered, introductory paragraph, inclusive of footnote 1, asserts factual allegations requiring specific admission or denial, Espinoza denies such allegations in this paragraph. To the extent Plaintiff's headings assert factual allegations, such factual allegations are denied. Footnote 8 does not assert factual allegations requiring specific admission or denial.

1

Police Department and that the Santa Fe Police Department is located where it is stated in this paragraph. The remainder of the assertions in this paragraph are legal conclusions that do not require admission or denial. In the event there are such factual allegations, such assertions are denied.

5. Chief Espinoza denies that he is a "Sergeant" and that he has any employment association with the other "DEFENDANT" and "DEFENDANT OFFICERS" as asserted in this paragraph.

6. This paragraph does not assert factual allegations requiring specific admission or denial.

7. This paragraph does not assert factual allegations requiring specific admission or denial.

8. Chief Espinoza denies the factual allegations as asserted in this paragraph.

9. Chief Espinoza denies that Plaintiff's Original Complaint contains any claims asserted under State of Texas law.

10. Chief Espinoza admits that venue is proper in the Southern District of Texas but denies that the Houston Division is the appropriate venue for this dispute because: (1) all of the parties reside in Galveston County, Texas; and (2) the alleged actions giving rise to Plaintiff's claims occurred entirely within Galveston County, Texas.

11. Chief Espinoza denies the factual allegations as asserted in this paragraph.

12. Chief Espinoza denies that he is pictured "HOLDING PLAINTIFF DOWN," as alleged in this paragraph.

13. Chief Espinoza admits that Plaintiff's "EXHIBIT 1-2" depict Plaintiff as alleged in this paragraph. Chief Espinoza denies engaging in any unconstitutional conduct, actions, and

inactions as alleged in this paragraph. Chief Espinoza denies the remaining factual allegations as asserted in this paragraph.

14. Chief Espinoza admits the factual allegations as asserted in this paragraph.

15. Chief Espinoza denies the factual allegations as asserted in this paragraph.

16. Chief Espinoza denies the factual allegations as asserted in this paragraph.

17. Chief Espinoza denies the factual allegations as asserted in this paragraph.

18. To the extent this paragraph requires Chief Espinoza to provide a specific admission or denial, Chief Espinoza denies the factual allegations as asserted in this paragraph.

19. Chief Espinoza denies the factual allegations as asserted in this paragraph. Footnote 2 to Plaintiff's Original Complaint does not assert factual allegations requiring specific admission or denial.

20. Chief Espinoza denies the factual allegations as asserted in this paragraph.

21. Chief Espinoza denies the factual allegations as asserted in this paragraph.

22. Chief Espinoza denies the factual allegations as asserted in this paragraph.

23. Chief Espinoza is without sufficient information to admit or deny whether Plaintiff "panicked," as is alleged in this paragraph, but Chief Espinoza admits that Plaintiff drove the wrong way.

24. Chief Espinoza is without sufficient information to admit or deny whether Plaintiff suffers from a mental illness and has Post-Traumatic Stress Disorder (PTSD), as is alleged in this paragraph. Chief Espinoza denies that he ever had a previous incident with Plaintiff involving an assault as alleged in this paragraph.

25. Chief Espinoza is without sufficient information to admit or deny whether plaintiff "became afraid and panicked," as alleged in this paragraph.

26. Chief Espinoza admits that he was driving down the street toward Plaintiff but is without sufficient information to admit or deny what Plaintiff chose to do. Chief Espinoza admits that Officer Moore blocked the road and blocked Plaintiff from behind as alleged in this paragraph. Chief Espinoza admits that he caused his car to hit Plaintiff's car to prevent her from fleeing the scene, as alleged in this paragraph.

27. Chief Espinoza denies that Officer Carranza "slammed" Plaintiff to the ground or that he "handcuffed her so tight that the handcuffs cut into her skin," as is alleged in this paragraph. Chief Espinoza admits that it was Officer Carranza who had Plaintiff lay on the ground and handcuffed her while on the ground.

28. Chief Espinoza denies the factual allegations as asserted in this paragraph.

29. Chief Espinoza admits that the officers were wearing body cam footage and that the Plaintiff told the officers that ants were on her face, as alleged in this paragraph. Chief Espinoza denies that plaintiff was "hog tied," as is alleged in this paragraph. Chief Espinoza denies the remaining factual allegations as asserted in this paragraph.

30. Chief Espinoza denies the factual allegations as asserted in this paragraph.

31. Chief Espinoza denies the factual allegations as asserted in this paragraph.

32. Chief Espinoza admits that Plaintiff was not armed as alleged in this paragraph. Chief Espinoza admits that the officers on scene were larger than Plaintiff and mostly male. Chief Espinoza denies the remaining factual allegations as asserted in this paragraph.

33. This paragraph is a legal conclusion that does not require specific admission or denial. To the extent this paragraph does so assert such factual allegations, Chief Espinoza denies these assertions—especially the implication that Chief Espinoza is an employee of the City of Santa Fe.

34. This paragraph does not assert factual allegations requiring specific admission or denial.

35. Chief Espinoza denies the factual allegations as asserted in this paragraph.

36. Chief Espinoza denies that Plaintiff has asserted a claim under the First Amendment, as alleged in this paragraph. Chief Espinoza denies the remaining factual allegations as asserted in this paragraph.

37. Chief Espinoza admits that Plaintiff did not pose a threat of harm to herself or others once detained, as alleged in this paragraph. Chief Espinoza denies that Plaintiff was not a threat to herself or others when she was behind the wheel of her car, refusing to comply with officers' orders, and acting erratically.

38. Chief Espinoza denies the factual allegations as asserted in this paragraph.

39. Chief Espinoza admits that he as on duty, in uniform, was using departmental issued and approved equipment of the Santa Fe Independent School District. Chief Espinoza denies the remaining factual allegations as asserted in this paragraph.

40. Chief Espinoza denies that Plaintiff has asserted a claim under the First Amendment in this lawsuit. Chief Espinoza denies the remaining factual allegations as asserted in this paragraph. Footnotes 3-5 do not assert factual allegations requiring specific admission or denial.

41. Chief Espinoza denies the factual allegations as asserted in this paragraph.

42. Chief Espinoza denies the factual allegations as asserted in this paragraph. Footnote 6 does not assert factual allegations requiring specific admission or denial.

43. Chief Espinoza admits that the United States Constitution provides the right to be free from excessive force but denies Plaintiff's assertion that her constitutional rights were so violated. Chief Espinoza denies the remaining factual allegations as asserted in this paragraph.

44. Chief Espinoza is without personal knowledge to admit or deny the factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

45. Chief Espinoza denies the factual allegations as asserted in this paragraph.

46. Chief Espinoza denies the factual allegations as asserted in this paragraph.

47. Chief Espinoza denies the factual allegations as asserted in this paragraph.

48. Chief Espinoza denies that Plaintiff is entitled to any of the relief she seeks in this paragraph.

49. This paragraph does not assert any factual allegations requiring specific admission or denial.

50. Chief Espinoza denies the factual allegations as asserted in this paragraph.

51. Chief Espinoza denies the factual allegations as asserted in this paragraph.

52. Chief Espinoza denies the factual allegations as asserted in this paragraph. Paragraph 7 does not assert factual allegations requiring specific admission or denial.

53. Chief Espinoza denies the factual allegations as asserted in this paragraph.

54. Chief Espinoza denies the factual allegations as asserted in this paragraph.

55. Chief Espinoza denies the factual allegations as asserted in this paragraph.

56. Chief Espinoza denies that the City of Santa Fe has any supervisory authority over him as alleged in this paragraph. Chief Espinoza denies the remaining factual allegations as asserted in this paragraph.

57. Chief Espinoza denies that Plaintiff is entitled to any of the relief she seeks in this paragraph.

58. Chief Espinoza denies that Plaintiff is entitled to any of the relief she seeks in this paragraph and further denies the factual allegations as alleged in this paragraph.

59. This paragraph does not assert any factual allegations requiring specific admission or denial.

60. Chief Espinoza is without personal knowledge to admit or deny the factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

61. Chief Espinoza is without personal knowledge to admit or deny the factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

62. Chief Espinoza denies that he is under the supervision of the City of Santa Fe, as is alleged in this paragraph. Chief Espinoza is without personal knowledge to admit or deny the remaining factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

63. Chief Espinoza admits that he was in uniform as alleged in this paragraph. Chief Espinoza is without personal knowledge to admit or deny the remaining factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

64. Chief Espinoza is without personal knowledge to admit or deny the factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

65. Chief Espinoza is without personal knowledge to admit or deny the factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

66. Chief Espinoza is without personal knowledge to admit or deny the factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

67. Chief Espinoza is without personal knowledge to admit or deny the factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

68. Chief Espinoza denies that he is under the supervision of the City of Santa Fe as alleged in this paragraph. Chief Espinoza is without personal knowledge to admit or deny the remaining factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

69. Chief Espinoza is without personal knowledge to admit or deny the factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

70. Chief Espinoza denies that he is under the supervision of the City of Santa Fe as alleged in this paragraph. Chief Espinoza is without personal knowledge to admit or deny the remaining factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

71. Chief Espinoza denies that he is under the supervision of the City of Santa Fe as alleged in this paragraph. Chief Espinoza is without personal knowledge to admit or deny the remaining factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

72. Chief Espinoza denies that he is under the supervision of the City of Santa Fe as alleged in this paragraph. Chief Espinoza is without personal knowledge to admit or deny the remaining factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

73. Chief Espinoza denies that he is under the supervision of the City of Santa Fe as alleged in this paragraph. Chief Espinoza is without personal knowledge to admit or deny the remaining factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

74. Chief Espinoza denies the factual allegations as asserted in this paragraph.

75. Chief Espinoza denies that Plaintiff is entitled to any of the relief she seeks in this paragraph.

76. This paragraph does not assert any factual allegations requiring specific admission or denial.

77. Chief Espinoza denies the factual allegations as asserted in this paragraph.

78. Chief Espinoza denies the factual allegations as asserted in this paragraph.

79. Chief Espinoza denies the factual allegations as asserted in this paragraph.

80. Chief Espinoza denies the factual allegations as asserted in this paragraph.

81. Chief Espinoza denies the factual allegations as asserted in this paragraph and denies that Plaintiff is entitled to any of the relief she seeks in this paragraph.

82. Chief Espinoza denies the factual allegations as asserted in this paragraph.

83. Chief Espinoza denies the factual allegations as asserted in this paragraph.

84. Chief Espinoza denies the factual allegations as asserted in this paragraph. Footnote 9 does not assert factual allegations requiring specific admission or denial.

85. Chief Espinoza denies the factual allegations as asserted in this paragraph.

86. Chief Espinoza denies that he is under the supervision of the City of Santa Fe as alleged in this paragraph. Chief Espinoza is without personal knowledge to admit or deny the remaining factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

87. Chief Espinoza denies that he is under the supervision of the City of Santa Fe as alleged in this paragraph. Chief Espinoza is without personal knowledge to admit or deny the remaining factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

88. Chief Espinoza denies that he is under the supervision of the City of Santa Fe as alleged in this paragraph. Chief Espinoza is without personal knowledge to admit or deny the remaining factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

89. Chief Espinoza is without personal knowledge to admit or deny the factual allegations in this paragraph, which are explicitly against the City of Santa Fe.

90. Chief Espinoza denies the factual allegations as asserted in this paragraph.

91. Chief Espinoca denies the factual allegations as asserted in this paragraph.

92. Chief Espinoza admits that Plaintiff seeks trial by jury but denies she is entitled to trial based on Chief Espinoza's qualified immunity and the lack of merit underlying Plaintiff's claims.

93. Chief Espinoza denies that Plaintiff is entitled to any of the relief she seeks in this paragraph, including Footnote 10.

94. Chief Espinoza denies that Plaintiff is entitled to any of the relief she seeks in this paragraph.

95. Chief Espinoza denies that Plaintiff is entitled to any of the relief she seeks in this paragraph.

**AFFIRMATIVE DEFENSES AND REQUEST FOR RULE 7(b) REPLY**

By way of further Answer, and without waiving the foregoing, Chief Espinoza asserts the following affirmative defenses to the claims pleaded in Plaintiff's Original Complaint:

1. Chief Espinoza asserts he is entitled to qualified immunity regarding Plaintiff's claims under 42 U.S.C. Section 1983. Defendant did not take any actions under the color of state law that he knew or should have known violated Plaintiff's clearly established constitutional or statutory rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *see also Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S. Ct. 2151 (2001); *McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002) (en banc); *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1002 (5th Cir. 2003). Further, because Chief Espinoza is the Chief of Police for the Santa Fe Independent School District Police Department and not the City of Santa Fe Police Department, none of Plaintiff's allegations related to the City of Santa Fe or its officers applies to Chief Espinoza. Moreover, Chief Espinoza is only accused of "ramming" Plaintiff's car to stop her erratic and evasive driving, which she does not allege in the complaint caused any harm at all and would not violate a clearly established constitutional right. Chief Espinoza is not accused of forcing Plaintiff to the ground, handcuffing her, or placing her in an ant bed, and it is well settled that a complaint "must specify the personal involvement of each defendant." *Murphy v. Kellar*,

950 F.2d 290, 292 (5th Cir. 1992). Chief Espinoza, therefore, requests that the Court order Plaintiff to Reply to this Answer pursuant to Rule 7(a).

2. Plaintiff has failed to state any claims upon which relief may be granted.

3. The Galveston Division is the proper or convenient venue for this action as all parties reside within the Galveston Division and all the alleged actions took place within the Galveston Division. Only the attorneys reside within the Houston Division.

4. Plaintiff's arrest was supported by probable cause, and Plaintiff's conduct resulted in her guilty plea as to charges arising from the incident underlying this Complaint.

Respectfully submitted,

SPALDING NICHOLS LAMP LANGLOIS

*/s/ C. Cory Rush*

C. CORY RUSH
Attorney-in-Charge
State Bar No. 24002443
Fed. I.D. No. 21711
crush@snll-law.com
3700 Buffalo Speedway, Suite 500
Houston, Texas 77098
Telephone: (713) 993-7063
Facsimile: (888) 726-8374

**ATTORNEYS FOR CHIEF RUBEN ESPINOZA, SANTA FE INDEPENDENT SCHOOL DISTRICT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September 2023, a true and correct copy of the foregoing document was served on all counsel of record *via* ECF, addressed as follows:

Alexander Jordan Houthuijzen
Attorney at Law
917 Franklin St, Ste 230
Houston, TX 77002
(*via* ECF)

 

**ATTORNEYS FOR CHIEF RUBEN ESPINOZA, SANTA FE INDEPENDENT SCHOOL DISTRICT**