IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TAYLOR ROSE ROGERS | § | |
| *Plaintiff*, | § | Civil Action No. 3:24-cv-00038 |
| | § | JURY TRIAL REQUESTED |
| v. | § | |
| | § | |
| CITY OF SANTA FE, *et al*, | § | |
| *Defendants*. | § | |

DEFENDANT CARRANZA'S DEFENSES, ANSWER, AND JURY DEMAND

Subject to the Court's Order in Doc. No. 38, Defendant police officer Christian Carranza files his defenses, answer, and demand for jury trial in response to Plaintiff's First Amended Complaint [Doc. 22].

FIRST DEFENSE

1. Plaintiff fails to state a plausible claim for relief against the Defendant. Defendant is entitled to judgment on the pleadings.

SECOND DEFENSE

2. Plaintiff Taylor Rogers' conduct was the sole cause of the occurrence which forms the basis of this lawsuit, Plaintiff's alleged harm, and Plaintiff's claimed damage.

THIRD DEFENSE

3. The Defendant is protected by qualified immunity from liability and burdens of suit. Defendant reasonably performed law enforcement duties in objective good faith, within the scope of discretionary law enforcement authority, and within the general scope of Defendant's law enforcement office or

138104688.5

employment.

## FOURTH DEFENSE

4. Plaintiff failed to use reasonable diligence to mitigate damages Plaintiff claims.

## FIFTH DEFENSE

5. Defendant asserts his rights under the Fourteenth Amendment and maintains that punitive damages are unconstitutional in this case to the extent they are assessed:

   a. In an amount left to the discretion of the judge and/or jury;

   b. In any decision representing less that a unanimous verdict;

   c. Where underlying culpability is not assessed upon a finding of guilt beyond a reasonable doubt;

   d. Where the standard of guilt is not clearly defined; and/or,

   e. Where the assessment of punitive damages or exemplary damages differs from defendant to defendant and treats similarly situated defendants materially differently.

## ANSWER

6. Subject to the foregoing, Defendant answers the claims and allegations in the complaint consistent with FED. R. CIV. P. 8(b), under which Defendant denies every claim and Defendant denies each allegation made except those Defendant expressly admits herein.

7. Defendant denies the allegations on page one of the complaint, in ¶¶ 5, 11-13,

15-17, 19-21, 24-25, 30-39, 41-97, the footnotes of Plaintiff's complaint and the exhibits attached thereto.

8. Plaintiff Taylor Rogers is an individual. Defendant denies the other allegations in ¶¶ 1 and 14 of Plaintiff's complaint.

9. The City of Santa Fe, Texas, is a governmental unit in the State of Texas. Defendant denies the other allegations in ¶¶ 2 and 18 of Plaintiff's complaint.

10. Ruben Espinoza is a peace officer employed by the Santa Fe Independent School District. Defendant denies the other allegations in ¶ 3 of Plaintiff's complaint.

11. Officer Christian Carranza is a peace officer employed by the City of Santa Fe, Texas, who reasonably performed law enforcement duties under color of Texas law in objective good faith, within the scope of discretionary law enforcement authority, and within the general scope of Officer Carranza's law enforcement office or employment. Defendant denies the other allegations in ¶¶ 4 and 40 of Plaintiff's complaint.

12. This Court has jurisdiction over Plaintiff's claims and venue is proper in this Court. Defendant denies the other allegations in ¶¶ 6-10 of Plaintiff's complaint.

13. On August 19, 2021, Plaintiff's son was a passenger in the motor vehicle Plaintiff unlawfully drove dangerously on school property until law enforcement officers, including Defendant Espinoza stopped and arrested the Plaintiff. Defendant denies the other allegations in ¶¶ 22, 23 and 26 of Plaintiff's complaint.

14. While Plaintiff used force to resist arrest and detention, Officer Carranza

used reasonable force that was necessary to maintain custody of Plaintiff after she committed a felony crime, evaded arrest, and resisted arrest. Defendant denies the other allegations in ¶¶ 27-29 of Plaintiff's complaint.

## REQUEST FOR JURY TRIAL

15. Defendant asserts his right to a trial by jury on all issues in accordance with FED. R. CIV. P. 38.

## PRAYER

16. Defendant Officer Carranza prays he be released, discharged, and acquitted of all charges, allegations, and claims filed against him, that judgment be rendered in his favor, either prior to or at the conclusion of trial, that Plaintiff takes nothing by reason of this suit, and Defendant recover all costs of court, including but not limited to attorney's fees, in defending against Plaintiff's claims, as well as other relief to which Defendant is justly entitled to in law and equity.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

>   */s/ Norman Ray Giles*
>   William S. Helfand
>   Attorney-In-Charge
>   Texas Bar No. 09388250
>   S.D. Tex. Bar No. 8791
>   Norman Ray Giles
>   Texas Bar No. 24014084
>   S.D. Tex. Bar No. 26966
>   Jimmie L. Holloway
>   Texas Bar No.: 24114956
>   S.D. Tex. Bar No. 3698847

OF COUNSEL:

...

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Defendant
Officer Christian Carranza

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2024, I electronically filed the foregoing document using the CM/ECF system and that a copy of this filing has been forwarded to all counsel of record through and in accordance with the ECF local rules.

    Alexander Jordan Houthuijzen
    Attorney at Law
    alex@alexthedefender.com
    *Attorney for Plaintiff*

    C. Cory Rush
    Elizabeth M. Rice
    Spalding Nichols Lamp Langlois
    crush@snll-law.com
    lrice@snll-law.com
    *Attorneys for Defendant*
    *Ruben Espinoza*

    */s/ Norman Ray Giles*
    Norman Ray Giles