IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TAYLOR ROSE ROGERS § | | |
| *Plaintiff*, § | Civil Action No. 3:24-cv-00038 | |
| § | JURY TRIAL REQUESTED | |
| v. § | | |
| § | | |
| CITY OF SANTA FE, *et al*, § | | |
| *Defendants*. § | | |

Declaration of Police Officer Christian Carranza

1. My name is Christian Carranza. I am employed in the paid service of the City of Santa Fe, Texas, as a police officer in the Santa Fe police department. I declare under penalty of perjury in accordance with the laws of the United States of America that my statements herein are true and correct. I am over the age of twenty-one, qualified and competent to make these statements. I have personal knowledge of this information I observed or in which I participated.

2. On August 19, 2021, I was on duty serving as a Santa Fe police officer when I responded at approximately 8:26 a.m. to assist Santa Fe Independent School District (ISD) police officers in the vicinity of the 3400 block of Avenue S. My police employee number is 404737 and my police radio call number was 6S12.

3. Upon my arrival outside R.J. Wolham Elementary School, I discovered a motorist's vehicle had collided with a Santa Fe ISD police vehicle and that then Santa Fe ISD police Sergeant Rubin Espinoza[1] and Santa Fe ISD police officer

---

[1] Sergeant Espinoza has since been appointed chief of the school district's police department. Hereafter, he will be identified through his current rank.

Summary Judgment Exhibit One, page 1

Elizabeth Moore had arrested the driver of the vehicle, Plaintiff Taylor Rogers. When I exited my police vehicle, I observed Rogers lying prone in a grassy area with handcuffs attached to her wrists behind her back.

4. Through the Texas Commission on Law Enforcement (TCOLE) curriculum, I have been trained that utilizing a prone detention position is generally useful for the purpose of gaining and maintaining control of a physically non-compliant criminal suspect. When I encountered Rogers, school district officers had previously positioned Rogers prone in a grassy area with handcuffs attached to her wrists behind her back. Then I had no reason to believe I should move Rogers into any different position. Rogers was physically non-compliant with my efforts to control her movements to detain her, so force was necessary to maintain control of her resistance to detention. In the prone position, the ground provides a barrier that inhibits - to some degree - a suspect's ability to resist detention in one direction and provides a basis for utilizing leverage techniques to manage resistance above the ground. Typically, the prone position is particularly useful in a grassy area because the risk of harm to a physically non-compliant detainee is generally minimal on such a surface.

5. While I later discovered this grass disguised ants below it, when I encountered Rogers, I did not know or suspect ants were under the grass. If I had suspected ants were under this grass, I may have attempted to reposition Rogers sooner, but regardless of the ants it was still necessary to maintain control of her resistance.

6. However, if I had suspected ants were under the grass, I probably would not have positioned my body as I did. I placed both of my knees, legs and feet in the same grass Rogers was in. Throughout the time I detained Rogers prone in the grass I remained in the same grass she was in.

7. Within seconds after Rogers stated ants were present, other officers and I raised Rogers from the grass away from the ants as soon as we reasonably could. After I discovered ants were present, I did not detain Rogers in the grass any longer than was necessary to maintain control of her physical non-compliance to detention.

8. Through TCOLE curriculum, I have also been trained that officers are permitted to apply force that is proportional to the need for force. Based on that training, it is my understanding the proportionality principle serves as a general guide for an officer when deciding whether a force option may appropriately be used in a particular situation. The proportionality principle provides for consideration of officer and suspect factors and special circumstances that could potentially influence an appropriate method and level of authorized use of force based on the totality of the circumstances in a particular situation. I was taught that application of such proportionality provides reasonably measured responses to a criminal suspect's: (1) noncompliance with police commands; (2) efforts to evade arrest; and (3) forceful resistance to arrest. I have also learned through TCOLE instruction that the proportionality concept has also been identified in law enforcement training as application of a use of force continuum.

9.  I did not remove Rogers from her vehicle. I did not place Rogers in the grass. I did not place handcuffs on Rogers' wrists. And I had no reason to believe it was inappropriate for other officers to have detained Rogers in this manner. I did not strike Rogers. I did not use and weapon against Rogers.

10. I simply grasped Rogers' body and utilized leverage necessary to maintain control of her physical non-compliance with detention. Throughout the duration of my reactions to force Rogers used resist detention, I consistently informed Rogers that when she stopped moving, I would respond in kind. When I was reacting to non-compliant physical force Rogers used to avoid detention before Rogers first reported ants were getting on her at 8:27:50 a.m., Rogers used the following force that I recall: (1) rotated her torso laterally attempting to roll her body several times; (2) rolled onto the right side of her body several times; (3) raised her shoulders off the ground; (4) raised her legs off the ground; and (5) bent her legs to use them to push herself up from the ground. Had Rogers successfully repositioned her body in such a way, that would have eliminated the tactical advantage I had by securing her against the grass and may have created a need for me to use greater force against Rogers to regain control of her resistance.

11. Within three seconds of Rogers claiming ants were getting on her, I was attempting to confirm the presence of ants. Within seven seconds of Rogers claiming ants were getting on her, other officers and I were repositioning ourselves to raise Rogers from the grass.

12. But Rogers continued physical actions delayed by approximately 15 seconds my efforts to raise Rogers from the grass. Nonetheless, by 8:28:21 a.m., Rogers was raised off the grass.

13. After Rogers was raised from the grass, other officers took over control over Rogers' detention at the scene of the arrest and Rogers' transport to the Santa Fe police station. Officer Wesley Rehm transported Rogers to the police station while I remained at the scene of the arrest to complete the duties necessary to investigate the motor vehicle collision. Officer Rehm's employee number is 410989 and his radio number that day was 6S19. Those significations on the Santa Fe Police Department *Even Report* demonstrate our distinct roles during the occurrences which form the basis of this litigation. I did not use any force against Rogers after she rose from the grass, and I did not have any role in Rogers' detention from the time she rose from the grass until the ants were off Rogers' body.

14. The minimal force I used to control Roger's actions was necessary for the need and consistent with the manner I have been trained through TCOLE instruction to use proportional force necessary to control and detain a physically non-compliant criminal suspect. I am not aware of any police training standard, or other established police procedure that required me to perform my police duties differently than I executed them. Certainly, I know of no law or constitutional provision that required me to perform my duties differently.

15. I performed my law enforcement duties in accordance with training provided to me through the Texas Commission on Law Enforcement (TCOLE).

16. I have no reason to believe that I could not reasonably rely on TCOLE training to provide me with appropriate guidance for executing the police duties at issue in this litigation.

_____
Christian Carranza

December 26, 2024