CHRISTIAN CARRANZA - 9/23/2024

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TAYLOR ROSE ROGERS, | ) |
|     Plaintiff, | ) |
| VS. | ) CIVIL ACTION NO. 3:24-cv-38 |
| CITY OF SANTA FE, TEXAS, | ) (JURY TRIAL) |
| ET AL., | ) |
|     Defendants. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

REMOTE ORAL DEPOSITION OF

OFFICER CHRISTIAN CARRANZA

SEPTEMBER 23, 2024

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    REMOTE ORAL DEPOSITION OF OFFICER CHRISTIAN CARRANZA, produced as a witness at the instance of the Plaintiff, and duly sworn, was taken in the above-styled and numbered cause on September 23, 2024, from 10:05 a.m. to 11:28 a.m., via Zoom, before Robin Potts, CSR in and for the State of Texas, reported by machine shorthand, at the offices of Lewis Brisbois Bisgaard & Smith, LLP, 24 Greenway Plaza, Suite 1400, Houston, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record hereto.

CAROL DAVIS REPORTING, RECORDS & VIDEO, INC.

**Exhibit 3**

```
 1                         APPEARANCES
 2

 3    FOR THE PLAINTIFF:
 4         Mr. Randall L. Kallinen
           Kallinen Law PLLC
 5         511 Broadway Street
           Houston, TX  77012
 6         Phone:  713.320.3785
           E-mail:  attorneykallinen@aol.com
 7

 8    FOR THE DEFENDANT CHRISTIAN CARRANZA:
 9         Mr. Jimmie L. "Jim" Holloway, Jr.
           Mr. Norman Ray Giles
10         Lewis Brisbois Bisgaard & Smith, LLP
           24 Greenway Plaza, Suite 1400
11         Houston, TX  77046
           Phone:  713.659.6767
12         E-mail:  jimmie.holloway@lewisbrisbois.com
                    norman.giles@lewisbrisbois.com
13

14    FOR THE DEFENDANT RUBEN ESPINOZA:
15         Ms. Liz M. Rice
           Spalding Nichols Lamp Langlois
16         3700 Buffalo Speedway, Suite 500
           Houston, TX  77098
17         Phone:  713.993.7060
           E-mail:  lrice@snll-law.com
18

19    ALSO PRESENT:
20         Taylor Rogers
21
22
23
24
25
```

1                          INDEX
2
3    Appearances .........................................     2
4    Stipulations/Agreements .............................   4/45
5    OFFICER CHRISTIAN CARRANZA
6         Examination by Mr. Kallinen ...................     4
7    Changes and Corrections .............................    46
8    Signature ...........................................    47
9    Reporter's Certificate ..............................    48
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1 ~~THE REPORTER: I am Robin Potts, Texas CSR~~
2 ~~No. 2491. I am located in Houston, Texas, and taking this~~
3 ~~deposition by machine shorthand. The witness is located in~~
4 ~~Houston, Texas.~~
5 ~~All attorneys present have agreed to waive~~
6 ~~Federal Rule 30(b)(5)(a).~~
7 ~~Would you like the witness to read and sign~~
8 ~~the transcript or waive signature, Mr. Holloway?~~
9 ~~MR. HOLLOWAY: We'll waive signature.~~
10 ~~**********~~
11        OFFICER CHRISTIAN CARRANZA,
12   having been first duly sworn, testified as follows:
13                    EXAMINATION
14 BY MR. KALLINEN:
15 ~~Q. Mr. Carranza, my name is Randall Kallinen; and I~~
16 ~~represent Taylor Rogers. We have filed -- well, another~~
17 ~~lawyer filed a lawsuit and I took over. I'm litigating this~~
18 ~~case against yourself and Officer Espinoza. You understand~~
19 ~~that; correct?~~
20      ~~A.   Yes, sir.~~
21      ~~Q.   And who does Espinoza work for?~~
22      ~~A.   Santa Fe ISD Police Department.~~
23      ~~Q.   And that's where he worked at the day of this~~
24 ~~incident; correct?~~
25      ~~A.   Yes, sir.~~

1  I think -- well, when did you start at Bayou Vista full-time?
2  Do you recall?
3              MR. HOLLOWAY:  Objection, form.
4     A.    I can't recall the exact date.
5     Q.    (BY MR. KALLINEN)  But in 2015 you started at Santa
6  Fe?
7     A.    Yes, sir.
8     Q.    And was that as a patrol officer?
9     A.    Yes, sir.
10    Q.    Now, when you were an officer -- a reserve officer
11 at Bayou Vista full-time, were you the subject of any
12 disciplinary actions?
13    A.    No, sir.
14    Q.    Okay.  So you didn't have any complaints for
15 excessive force by anyone, any citizen or anybody, when you
16 were at the Bayou Vista Police Department?
17             MR. HOLLOWAY:  Objection.
18             Don't answer that.
19             That's outside the scope.
20             MR. KALLINEN:  No, it isn't.  Because if he's
21 been disciplined, then he has knowledge of QIs less likely to
22 apply.  So I'll have to certify that question.  But you'll
23 see that if he's been disciplined and trained, then that
24 defeats QIs.  So --
25             MR. HOLLOWAY:  No, it doesn't.  Anyway,

1  ~~picking things up and lifting, do you?~~
2  ~~A.    No, sir.~~
3  ~~Q.    Okay.  So when you went out to the -- when you were~~
4  ~~driving out to the scene, there was no officer down, no~~
5  ~~officer injured.  Did anybody say that Taylor Rogers had,~~
6  ~~like, a knife or a gun?~~
7  ~~A.    No, sir.~~
8      Q.    Okay.  Now, when you arrived at the scene -- not
9  considering what happened before because we'll get into what
10 happened before you arrived at the scene.  But when you
11 arrived at the scene, what did you see?  What was going on?
12     A.    I observed a traffic collision with a Santa Fe ISD
13 police vehicle and Miss Rogers' vehicle.  They pulled her out
14 of the vehicle and had her on the ground.
15     Q.    Okay.  You said "they" pulled her out and had her
16 on the ground.  Who had her on the ground?
17     A.    Santa Fe ISD.
18     Q.    Okay.  Now -- and which particular officers had her
19 on the ground?
20     A.    I will venture to say Sergeant Espinoza.
21     Q.    So Sergeant Espinoza had her on the ground and --
22 now, on the video it shows that at some point you take over;
23 right?
24     A.    Yes, sir.
25     Q.    Okay.  Now, why is that?  Because Espinoza is an

1  ISD?  And since you're the actual police department and will
2  be taking people to jail, is that why you took over?
3           MR. HOLLOWAY:  Objection, form.
4      A.   No, sir.
5      Q.   (BY MR. KALLINEN)  Why did you take over?
6      A.   To clear the vehicle.  There was another passenger
7  in the vehicle.
8      Q.   Okay.  So did Espinoza then go to the vehicle and
9  clear that passenger?
10     A.   I believe so, sir.
11     Q.   Okay.  So Espinoza left Taylor.  So you grabbed
12 Taylor when she was on the ground; right?
13     A.   Yes, sir.
14     Q.   Did you put on the handcuffs or did Espinoza or ISD
15 put on the handcuffs?
16     A.   I believe ISD did.
17     ~~Q.   Okay.  So when you had Taylor on the ground, she~~
18 ~~had the handcuffs on; right?~~
19     ~~A.   Yes, sir.~~
20     ~~Q.   Okay.  She didn't kick you, did she?~~
21     ~~A.   No, sir.~~
22     ~~Q.   She didn't -- well, she couldn't punch you because~~
23 ~~she had the handcuffs on; correct?~~
24          ~~MR. HOLLOWAY:  Objection, form.~~
25     ~~A.   Yes, sir.~~

1  Q.  ~~(BY MR. KALLINEN)  And she didn't assault you in~~
2  ~~any manner, did she?~~
3  ~~A.  No, sir.~~
4  ~~Q.  Did she say she was going to -- well, did she say~~
5  ~~she was going to injure you in any way?~~
6  ~~A.  No, sir.~~
7  Q.  So why didn't you just lift her up, you know, like,
8  right away?  Why did you keep her there on the ground?
9  A.  Her behavior.
10 Q.  What was it about her behavior that you decided to
11 keep her on the ground?
12 A.  She was still screaming, yelling, and kicking,
13 resisting.
14 ~~Q.  Okay.  Now, how close -- that school is not close~~
15 ~~to any major highway, is it?~~
16 ~~A.  No, sir.~~
17 ~~Q.  The day of the incident -- excuse me.  Let me ask~~
18 ~~this question:  Have you ever been to any doctor or~~
19 ~~healthcare provider for any ear problems?~~
20 ~~MR. HOLLOWAY:  Objection, form.~~
21 ~~A.  No, sir.~~
22 ~~Q.  (BY MR. KALLINEN)  You don't have a problem with~~
23 ~~your hearing, do you?~~
24 ~~A.  No, sir.~~
25 ~~Q.  So on the video that I viewed -- and I don't know~~

1  ~~if you did or not. You said you only viewed the dash cam~~
2  ~~video and some other video. But maybe you did view it -- you~~
3  ~~can hear Taylor Rogers talking about ants; right?~~
4  ~~    A.    Yes, sir.~~
5  ~~    Q.    Why didn't you pick her up as soon as she started~~
6  ~~talking about ants?~~
7  ~~    A.    About 32 seconds later, she was picked up.~~
8  ~~    Q.    Well, I mean, you have lived in Texas all your~~
9  ~~life. How long does it take a fire ant to bite you?~~
10 ~~            MR. HOLLOWAY:  Objection, form.~~
11 ~~    A.    A couple seconds.~~
12 ~~    Q.    (BY MR. KALLINEN)  Exactly. So did you ever brush~~
13 ~~any ants off her face?~~
14 ~~    A.    Not that I can recall.~~
15     Q.    Did anybody out there ever brush any ants off her
16 face?
17     A.    I believe so.
18 ~~    Q.    Because you do realize she can't brush the ants off~~
19 ~~her own face because she's in handcuffs; correct?~~
20 ~~            MR. HOLLOWAY:  Objection, form.~~
21 ~~    A.    Yes, sir.~~
22 ~~    Q.    (BY MR. KALLINEN)  Now, when Taylor Rogers said --~~
23 ~~started talking about the ants, you had no reason to~~
24 ~~disbelieve her, did you?~~
25 ~~    A.    No, sir.~~

37

1   Q.   Now, when you had Taylor Rogers down on the ground,
2   where was Espinoza?
3   A.   I believe attending to the fleet accident.
4   Q.   Wasn't he still there at the time that Taylor
5   Rogers was still on the ground?
6   A.   Yes, sir, he was still there.
7   ~~Q.   Yeah.  And there was nothing occluding his vision.~~
8   ~~I mean, he could clearly see what was going on; right?~~
9   ~~            MR. HOLLOWAY:  Objection, speculation.~~
10  ~~A.   Yes, sir.~~
11  Q.   (BY MR. KALLINEN)  And did he ever tell you to let
12  Taylor Rogers up?
13  A.   No, sir.
14  Q.   Did he ever say to brush those ants off her face?
15  A.   No, sir.
16  Q.   Did Espinoza -- during the time that Taylor Rogers
17  was on the ground, did Espinoza say anything to you that you
18  recall?
19  A.   Not that I can recall.
20  Q.   Okay.  Did any officer out there say anything to
21  you about, you know, letting her up or anything about the
22  ants when Taylor Rogers was on the ground?
23              MR. HOLLOWAY:  Objection, form.
24  A.   Yes, sir.
25  Q.   (BY MR. KALLINEN)  Who did?

CHRISTIAN CARRANZA - 9/23/2024

38

1    A.    Officer Rehm.
2    Q.    Who?
3    A.    Officer Rehm.
4    Q.    Is that R-h-e-i-m?
5    A.    R-e-h-m.
6    Q.    R-e-h-m.  What did he say?
7    A.    He pointed out the ants.
8    Q.    When she was on the ground, he pointed out the
9    ants.  What did he say, though, exactly?
10         MR. HOLLOWAY:  Objection, form.
11   A.    That there are ants there.
12   Q.    (BY MR. KALLINEN)  Did Rehm say, you know, "Let her
13   up," or did he just say, "There's ants there"?
14   A.    "There's ants there."
15   ~~Q.    Okay.  And Rehm, is he ISD or Santa Fe?~~
16   ~~A.    He's city.~~
17   ~~Q.    So after Taylor Rogers was let up, how long was she~~
18   ~~there at the scene until -- I guess you brought her, what, to~~
19   ~~the Santa Fe Police Department first?  Or what did you --~~
20   ~~you're the one who brought her to her next destination;~~
21   ~~right?~~
22   ~~A.    Yes, sir.~~
23   ~~Q.    And where was that?~~
24   ~~A.    From the scene to the city jail.~~
25   ~~Q.    And how long did you spend at the city jail?~~

1  ~~MR. KALLINEN: Pass the witness.~~
2  ~~MR. HOLLOWAY: We'll reserve our questions~~
3  ~~for trial. We have no questions.~~
4  ~~THE REPORTER: Miss Rice?~~
5  ~~MS. RICE: No questions.~~
6  ~~MR. KALLINEN: Okay.~~
7  ~~THE REPORTER: Jimmy, do you want to order a~~
8  ~~copy of the transcript?~~
9  ~~MR. HOLLOWAY: Yes, ma'am, a signed copy of~~
10 ~~the transcript.~~
11 ~~THE REPORTER: Liz, did you want to order a~~
12 ~~copy of the transcript?~~
13 ~~MS. RICE: Yes, please.~~
14 ~~THE REPORTER: I do have one other question~~
15 ~~off the record.~~
16  MR. GILES: Wait a second. Before you go
17  off, we want to read and sign the copy, please. Thank you.
18 ~~THE REPORTER: Okay.~~
19 ~~(Deposition concluded at 11:28 a.m.)~~

```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                        GALVESTON DIVISION


TAYLOR ROSE ROGERS,            )
        Plaintiff,             )
VS.                            )   CIVIL ACTION NO. 3:24-cv-38
CITY OF SANTA FE, TEXAS,       )   (JURY TRIAL)
ET AL.,                        )
        Defendants.            )
****************************************************************
                      REPORTER'S CERTIFICATION
                    REMOTE ORAL DEPOSITION OF
                  OFFICER CHRISTIAN CARRANZA
                       SEPTEMBER 23, 2024
```

I, Robin Potts, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, OFFICER CHRISTIAN CARRANZA, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the deposition transcript was submitted on the 2nd day of October, 2024, to the witness or the attorney for the witness for examination, signature, and return to Carol Davis Reporting, Records & Video, Inc., by

1   the 1st day of November, 2024;
2            That the witness was located in Houston, Texas;
3            That the amount of time used by each party at the
4   deposition is as follows:
5            Mr. Randall L. Kallinen, 58 minutes
6            That pursuant to information given to the
7   deposition officer at the time said testimony was taken, the
8   following includes counsel for all parties of record:
9
10  FOR THE PLAINTIFF:
11       Mr. Randall L. Kallinen
         Kallinen Law PLLC
12       511 Broadway Street
         Houston, TX  77012
13       Phone:  713.320.3785
         E-mail:  attorneykallinen@aol.com
14
15  FOR THE DEFENDANT CHRISTIAN CARRANZA:
16       Mr. Jimmie L. "Jim" Holloway, Jr.
         Mr. Norman Ray Giles
17       Lewis Brisbois Bisgaard & Smith, LLP
         24 Greenway Plaza, Suite 1400
18       Houston, TX  77046
         Phone:  713.659.6767
19       E-mail:  jimmie.holloway@lewisbrisbois.com
                  norman.giles@lewisbrisbois.com
20
21  FOR THE DEFENDANT RUBEN ESPINOZA:
22       Ms. Liz M. Rice
         Spalding Nichols Lamp Langlois
23       3700 Buffalo Speedway, Suite 500
         Houston, TX  77098
24       Phone:  713.993.7060
         E-mail:  lrice@snll-law.com
25

From:                          11/07/2024 14:15      #414 P.004/005
Case 3:24-cv-00038   Document 55-3   Filed on 12/26/24 in TXSD   Page 15 of 16
CHRISTIAN CARRANZA - 9/23/2024

50

```
 1           I further certify that I am neither counsel for,
 2   related to, nor employed by any of the parties or attorneys
 3   in the action in which this proceeding was taken, and further
 4   that I am not financially or otherwise interested in the
 5   outcome of the action.
 6           Certified to by me this  7th  day of
 7    November , 2024.
 8
 9
10
11                 Robin Potts
                   Robin Potts, Texas CSR No. 24__
12                 Expiration Date:  11/30/24
                   Notary Expires:  5/7/28
13                 Carol Davis Reporting, Records & Video, Inc.
                   Firm Registration No. 47
14                 Expiration Date:  1/31/25
                   7838 Hillmont
15                 Houston, Texas  77040
                   (713)647-5100/Fax(713)647-5157
16
17
18
19
20
21
22
23
24
25
```

Deposition Transcript Correction Page
Witness Name: Officer Christian Carranza
Date Of Deposition: September 23, 2024

| PAGE | LINE | CHANGE | REASON |
|---|---|---|---|
| 37 | 10 | After response, add "There was nothing occluding his vision, but I do not claim to know exactly what he saw, and I do not claim to know what you mean when by the phrase 'he could clearly see what was going on.'" | More precise response to question asking me to speculate about what someone else saw and about the meaning of an ambiguous phrase. |

I, Christian Carranza, have read the foregoing deposition and hereby affix my signature that same is true and correct, except as noted on the correction page. On November 1, 2024, I declare under penalty of perjury in accordance with the laws of the United States of America that the statements herein are true and correct.

*/s/ Christian Carranza*
Christian Carranza

148271906.1