WRITTEN PLEA ADMONISHMENTS-WAIVERS-STIPULATIONS
OFFENSES COMMITTED ON OR AFTER 09/01/1997
212TH DISTRICT COURT
GALVESTON COUNTY, TEXAS

FILED

No. 21-CR-2713                                Date: SEPTEMBER 1, 2022

2022 SEP -1 PM 12: 01

To: **TAYLOR ROSE ROGERS**, Defendant

Pursuant to Art. 26.13 C.C.P., you are hereby admonished by the Court in writing as follows:

DIST CLERK
GALVESTON COUNTY TEXAS

1.      You are charged with the felony offense of:
       **EVADING ARREST DET W/VEH**

2.      If convicted, you face the following range of punishment:

( )    **FIRST DEGREE FELONY:** A term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a possible fine not to exceed $10,000.00

( )    **SECOND DEGREE FELONY:** A term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and in addition, a possible fine not to exceed $10,000.00

(✗)    **THIRD DEGREE FELONY:** A term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice; and in addition, a possible fine not to exceed $ 10,000.00.

( )    **STATE JAIL FELONY:** A term of not more than 2 years or less than 180 days in a state jail and in addition, a possible fine not to exceed $ 10,000.00.

( )    **CLASS A MISDEMEANOR:** A term of not more than 1 year in jail and in addition, a possible fine not to exceed $ 4,000.00.

( )    **CLASS B MISDEMEANOR:** A term of not more than 180 days in jail and in addition, a possible fine not to exceed $ 2,000.00.

( )    _____

3.      PLEA BARGAINS: If no plea bargain exists, the recommendation of the prosecuting attorney is not binding on the Court. If a plea bargain does exist, the Court will inform you whether it will follow the agreement in open court and before any finding on your plea. Should the court reject the agreement you will be entitled to withdraw your plea.

4.      PERMISSION TO APPEAL: Where your plea of guilty or nolo contendere (no contest) is voluntarily and understandingly entered with a plea bargain agreement and the punishment assessed does not exceed the agreement between you and the prosecutor, the court must give permission before you can appeal on any matter in the case except for those matters raised by written motion filed *and ruled on* prior to trial. Where your plea of guilty or nolo contendere is voluntarily and understandingly entered without a plea bargain agreement, the plea waives or forfeits the right to appeal a claim of error pertaining to guilt only when the judgment of guilt was rendered independent of, and is not supported by, the error.

5.      CITIZENSHIP: If you are not a United States citizen, a plea of guilty or nolo contendere may result in deportation, exclusion from admission to the country, or denial of naturalization under federal law.

6.      DEFERRED ADJUDICATION: If the Court defers adjudicating your guilt and places you on community supervision, a violation of any condition of community supervision may result in proceedings being initiated whereby you are arrested and detained, as provided by law, for a hearing by the Court limited to a determination of whether to proceed with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After adjudication of guilt, all proceedings including pronouncement of sentence, granting of community supervision and your right to appeal continue as if adjudication of guilt had not been deferred. In addition, after adjudication of guilt the punishment assessed may be any term within the range for the offense and is not limited to the term of community supervision.

7.      SEX OFFENDER REGISTRATION PROGRAM: If convicted of or placed on deferred adjudication for an offense for which you are subject to registration under the Sex Offender Registration Program (Chapter 62 Texas Code of Criminal Procedure), you will be required to meet those registration requirements.

Comes now the Defendant, joined by my counsel, and states that **I understand the foregoing admonishments from the Court and am aware of the consequences of my plea. I further state that I am mentally competent, that my plea is freely and voluntarily made.** If counsel is appointed, I waive any time provided me by law to prepare for trial under Art. 1.051 C.C.P. I am totally satisfied with the representation provided by my attorney who provided fully effective and competent representation. Under Art. 1.14 C.C.P. I give up all rights given to me by law, whether of form, substance or procedure, including any time limitations imposed under the U.S. Constitution or Chapter 32 C.C.P. Joined by my attorney, **I give up all right to a jury in this case under Art. 1.13 C.C.P., and I give up my right to appearance, confrontation and cross examination of witnesses as to guilt under Art. 1.15 C.C.P., and as to punishment. I consent to oral and written stipulations of evidence in this case.** I have read and my attorney has explained to me the indictment or information filed against me in this cause. I voluntarily waive reading of the indictment or information ( and acknowledge timely  service of a copy of same) and voluntarily waive the arraignment period pursuant to Art. 26.03 C.C.P. I also waive the right to be accused by indictment where proceeding by information pursuant to Art. 1.141 C.C.P. I also give up my right to confidentiality pursuant to Art. 42.12(9)(j), C.C.P. if a pre-sentence report is filed. I freely and voluntarily waive my right to have a court reporter make a record of the court proceedings in my case. I also waive and give up the 30 days provided in which to file a Motion for New Trial, Motion for Arrest of Judgment and Notice of Appeal. **I completely understand all of the written waivers, stipulations and motions herein stated in connection with the plea, and each was done freely, voluntarily, and intelligently.** The State and I mutually recommend to the Court that punishment in this cause be assessed at:

_____

2 years DADJ

_____

21-CR-2713
DCADWS
Admonishment - Waiver - Stipulation to
2436200



( ) **BOOT CAMP** _____ ( ) Years in the Institutional Division of TDCJ with the recommendation of State Boot Camp, provided, however, that should the Defendant be declared ineligible for said program or fail to successfully complete said program, for any reason, the Defendant shall serve said penitentiary sentence pursuant to law.

_____
Defendant

( ) **GUILTY PLEA:**   Understanding and agreeing to all of the above, I freely and voluntarily plead **GUILTY** and confess my GUILT to having committed each and every element of the offense alleged in the indictment or information by which I have been charged in this cause and I agree and stipulate that the facts contained in the indictment or information are true and correct and constitute the evidence in this case.  Where the State is proceeding on a lesser included offense arising out of said indictment or information, I plead GUILTY and confess my GUILT to having committed each and every element of the lesser included offense only.
( ) **I plead true to the enhancements plead in this cause and not abandoned by the State.**

_____
Defendant

( ) **NOLO CONTENDERE PLEA:**   Understanding and agreeing to all of the above, I freely and voluntarily plead NOLO CONTENDERE (NO CONTEST) to the indictment or information by which I have been charged in this cause and agree and stipulate that the elements of the offense and the facts alleged therein constitute the evidence in this case.  Where the State is proceeding on a lesser included offense arising out of said indictment or information, I plead NOLO CONTENDERE (NO CONTEST) to the elements of the lesser included offense and agree and stipulate that the elements of the lesser included offense and the facts of said offense as alleged constitute the evidence in this case.  ( ) **I plead true to the enhancements plead in this cause and not abandoned by the State.**

_____
Defendant

Sworn to and subscribed to before me by the Defendant on this date.

JOHN D. KINARD, DISTRICT CLERK
GALVESTON COUNTY, TEXAS

By: _____
Deputy District Clerk

We join in and approve the plea agreement, all waivers and stipulations made above by this Defendant including the Defendant's waiver of trial by jury.  We also agree that the Defendant is legally competent to stand trial.  We also agree that all statements of the Defendant were freely and voluntarily made and that the Defendant's plea was freely and voluntarily entered and he understands the Court's Admonitions given to him in accordance with Art. 26.13 C.C.P. and that he is aware of the consequences of his plea.  The Court duly arraigned the Defendant in accordance with Chapter 26 C.C.P.

_____          _____
Assistant Criminal District Attorney          Presiding Judge

_____
Counsel for Defendant

STATE'S EXHIBIT NO. 1

Rev. 05/2016



CASE NO. 21CR2713 COUNT NO.
INCIDENT NO./TRN: 9217525952 A001

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 212TH DISTRICT ~~FILED~~ |
| | § | |
| V. | § | COURT    2022 SEP -1  PM 12: 01 |
| | § | |
| TAYLOR ROSE ROGERS | § | GALVESTON COUNTY, TEXAS |
| | § | ~~DIST CLERK~~ |
| STATE ID NO.: TX16267703 | § | ~~GALVESTON COUNTY TEXAS~~ |

## ORDER OF DEFERRED ADJUDICATION

| Judge Presiding: **Hon.**   Patricia Grady | Date Proceedings Deferred: | **September 1, 2022** |
|---|---|---|
| Attorney for State:     **Angela Kao – 24105652** | Attorney for Defendant: | **Alexander Houthuijzen – 24101224** |

Offense:
**EVADING ARREST DET W/VEH**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **38.04(b)(2)(A) Penal Code** |

| Date of Offense: | Defendant waived the right to trial by jury and entered the plea below: |
|---|---|
| **August 19, 2021** | **GUILTY** |

| Degree of Offense: | 21-CR-2713 DCJUDG Judgment 2436201 | Findings on Deadly Weapon: |
|---|---|---|
| **3RD DEGREE FELONY** | | **N/A** |
| 1st Enhancement Paragraph: **N/A** | | Finding on 1st Enhancement Paragraph: **N/A** |
| 2nd Enhancement Paragraph: **N/A** | | Findings on 2nd Enhancement Paragraph: **N/A** |

Terms of Plea Bargain   (if any) or ☒ Terms of Plea Bargain are attached and incorporated herein by this reference.
**TWO (2) YEARS DEFERRED COMMUNITY SUPERVISION**

### ADJUDICATION OF GUILT DEFERRED;

### DEFENDANT PLACED ON DEFERRED ADJUDICATION COMMUNITY SUPERVISION.

### PERIOD OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION: TWO (2) YEARS.

### CONFINEMENT AS A CONDITION OF DEFERRED ADJUDICATION COMMUNITY SUPERVISION:

☐ The Court ORDERS Defendant confined         DAYS in ☐ THE COUNTY JAIL ☐ A STATE JAIL FACILITY as a condition of deferred adjudication community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

| Fines: | Court Costs: | Reimbursement Fees: | Restitution: | Restitution Payable to: AGENCY/AGENT (See special finding or order of restitution which is incorporated herein by this reference.) |
|---|---|---|---|---|
| $ | $290.00 | $ 22.00 | $ | |

☐ Defendant is required to register as sex offender in accordance with Chapter 62, Tex. Code Crim. Proc.
**(For sex offender registration purposes only)** The age of the victim at the time of the offense was         .

Was the victim impact statement returned to the attorney representing the State? N/A

This cause was called and the parties appeared. The State appeared by her District Attorney as named above.

  **Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared with Counsel.
☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court admonished Defendant. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of the plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS that such evidence substantiates Defendant's guilt. However, the Court FINDS that it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on deferred adjudication community supervision.

Therefore, the Court ORDERS no judgment entered at this time. The Court further ORDERS Defendant placed on deferred adjudication community supervision for the period of time indicated above as long as Defendant abides by the conditions of the deferred adjudication community supervision.

The Court FINDS that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fine, court costs, and restitution, if any, as indicated above.

The document setting forth the conditions of deferred adjudication community supervision is attached and incorporated herein by this reference.

_____ (*Defendant to initial*)    The Court FINDS that Defendant was admonished and acknowledged that, pursuant to Article 42A.301 of the Texas Code of Criminal Procedure, a risk and needs assessment will be conducted with respect to Defendant for purposes of determining the conditions of community supervision. The Court FINDS that Defendant agrees to the following standard conditions of community supervision which are hereby imposed prior to the risk and needs assessment being conducted. Additionally, The Court FINDS that Defendant agrees that based upon the results of the risk and needs assessment, the Court may order additional conditions of community supervision.

**Fines Imposed Include (check each fine and enter each amount as pronounced by the court):**

☐ General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $ _____ (not to exceed $10,000)
☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) $ _____ ($100)
☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) $ _____ ($100)
☐ Family Violence Fine (Art. 42A.504 (b), Code Crim. Proc.) $ _____ ($100)
☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) $ _____ ($50)
☐ State Traffic Fine (§ 542.4031, Transp. Code) $ _____ ($50)
☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) $ _____ (not to exceed $50)
☐ Repayment of Reward Fine (Art. 37.073/42.152, Code Crim. Proc.) $ _____ (To Be Determined by the Court)
☐ Repayment of Reward Fine - as Cond of CS (Art. 42A.301 (b) (20), Code Crim. Proc.) $ _____ (not to exceed $50)

### Furthermore, the following special findings or orders apply:

☒    APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.

☐    The Court FINDS that Defendant was prosecuted for an offense under Title 5 of the Penal Code that involved family violence. *TEX. CODE CRIM. PROC. art. 42.013*.

Signed and Entered on this the 1ST day of September, A.D., 2022.

JUDGE PRESIDING
212TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

**CITY 000076**

A copy furnished to the above named Defendant and noted in the Docket on this the 1ST day of September, A.D., 2022.

**JOHN D. KINARD, DISTRICT CLERK,**
**GALVESTON COUNTY, TEXAS**

BY: *Alexandria Crouett*, DEPUTY
CLERK 212TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

```
********************************
*                              *
*     ████████████████         *
*     ████████████████         *
*     ████████████████         *
*     ████████████████         *
*                              *
********************************
```
DEFENDANT'S RIGHT THUMBPRINT

**CITY 000077**

CAUSE NO. 21-CR-2713                FILED

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | IN 212TH DISTRICT COURT 01 |
| | § | |
| **VS.** | § | |
| | § | DIST CLERK |
| **TAYLOR ROSE ROGERS** | § | GALVESTON COUNTY, TEXAS |

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

[ ] is not a plea-bargain case, and the defendant has the right of appeal. [ *or* ]

[ ] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [ *or* ]

[ ] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [ *or* ]

[✓] is a plea-bargain case, and the defendant has NO right of appeal. [ *or* ]

[ ] the defendant has waived the right of appeal.

_____                    09/1/2022
Trial Court Judge                                                  Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of appeals. TEX. R. APP. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____                    _____
TAYLOR ROSE ROGERS                                      Defendant's Counsel
                                                                     Alexander Houthuijzen
Mailing Address:
                       21–CR–2713
                       DCTRC
                       Trial Court's Certification and Defendant's
                       2436203

                       |||||||||||||||||||||||||||

                                                                     State Bar No: 24101224
Telephone Number: (          ) _____                 Mailing Address: 917 Franklin St.
                                                                     230 Houston, Tx 77002
Fax Number: if any (          ) _____                 Telephone Number: (713) 600-9902

                                                                     Fax Number: if any (          ) _____

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case -- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant -- a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2).

FILED

NO. 21-CR-2713

2022 SEP -1 PM 12:01

THE STATE OF TEXAS

VS.

TAYLOR ROSE ROGERS

GALVESTON COUNTY, TEXAS

212TH DISTRICT COURT
DIST CLERK
GALVESTON COUNTY TEXAS

**STATE'S RECOMMENDATION OF COMMUNITY SUPERVISION CONDITIONS TO GCCSCD**

The Defendant in the above styled and numbered cause was placed on Community Supervision on 1ST day of September, 2022 for a period of TWO (2) YEARS. Based on a review of the State's file, the undersigned Assistant District Attorney would make the following probation condition recommendations to the Galveston County Community Supervision and Corrections Department:

**I.      VICTIM RELATED CONDITION RECOMMENDATIONS:**

_____    The Defendant is ordered not to directly communicate with _____ or go near a residence, school or other location, to-wit: _____;

_____    The Defendant may have supervised access to _____ as follows, to-wit: _____;

_____    Pay to the Department of Court Services $ _____ as restitution to the victim. Such restitution shall be paid (by _____) (in installments of $ _____ per month paid each month);

_____    Pay _____ % of the reasonable and necessary costs incurred by _____ for psychological counseling made necessary by the offense for a period not to exceed one year. The Court finds the Defendant is financially able to make said payments;

**II.     PUNISHMENT RELATED CONDITION RECOMMENDATIONS:**

✓    Serve 100 ( 2 ) day(s) in the Galveston County Jail; credit allowed for _____ ( 2 ) day(s) served;

_____    Serve 3 day(s) in the Galveston County Jail; credit allowed for _____ ( ) day(s) served; (Mandatory for second DWI; Art. 42A.401 CCP).

_____    Serve 10 day(s) in the Galveston County Jail; credit allowed for _____ ( ) day(s) served; (Mandatory for third or subsequent DWI; Art. 42A.401 CCP).

_____    Serve 30 day(s) in the Galveston County Jail; credit allowed for _____ ( ) day(s) served; (Mandatory for Intoxication Assault; Art. 42A.401 CCP).

_____    Serve 120 day(s) in the Galveston County Jail; credit allowed for _____ ( ) day(s) served; (Mandatory for Intoxication Manslaughter; Art. 42A.401 CCP).

✓    Perform 100 hour(s) of Community Service work as approved by the Court. Said hours shall be completed at a rate of no less than sixteen (16) hours per month until completed;

**III.    COUNSELING RELATED CONDITION RECOMMENDATIONS:**

✓    Attend psychological counseling sessions at the direction of the Supervision Officer.

_____    Within thirty (30) days from today's date the Defendant is ordered to enroll in Battering Intervention and Prevention Program (BIPP) for family and/or domestic violence. The Defendant must attend and successfully complete said Battering Intervention and Prevention Program (BIPP). Upon completion of this Program, the Defendant must provide written documentation of completion to the Community Supervision Officer. The Defendant will be financially responsible for these services;

✓    Within thirty (30) days from today's date the Defendant is ordered to enroll in a Domestic Violence and/or Anger Control Program. The Defendant shall attend and successfully complete said Program. Upon completion of this Program, the Defendant must provide written documentation of completion to the Community Supervision Officer. The Defendant will be financially responsible for these services;

**IV.     DWI RELATED CONDITION RECOMMENDATIONS:**

✓    Abstain from the use of alcohol in any form at any time and do not enter any bar, tavern, lounge or other similar place;

_____    Attend and successfully complete a program designed to educate persons on the dangers of drug abuse pursuant to V.T.C.A. Transportation Code, Section 521.374;

1
21-CR-2713
DC6RC6
State's Recommendation of Community Su
2436202



_____ To attend and successfully complete, the thirty (30) hours DWI Intervention Class through Texas City Aid and Guidance Center. Said Class must be completed within one year from the date of this Judgment;

_____ You are directed to attend a **MADD Impact Panel** as ordered on your Community Supervision Judgment. You will be required to attend one meeting which will be held in the Jury Assembly Room on the first floor of the Galveston County Courthouse. The Panel will begin at 7:00 P.M., but you should plan to arrive by 6:45 P.M. in order to get signed in for the class. The next Victim Impact Panel will be held on Wednesday, _____;

_____ Observe a curfew and be home each night before _____ a.m., unless a later time is approved in advance by the Community Supervision Office and the Court;

_____ Not operate a motor vehicle on a public road;

_____ Not operate a motor vehicle unless the vehicle is equipped with a device that uses a deep lung breath analysis mechanism to make impractical the operation of the motor vehicle if ethyl alcohol is detected in the breath of the operator; (**Mandatory for alcohol concentrations level of .015 or more, second or subsequent DWIs, or Chapter 49 offense and the defendant is younger than 21 years of age; Art. 42A.408 CCP**)

_____ The Defendant shall install and maintain, at his or her own expense, on the motor vehicle owned by the Defendant or on the vehicle most driven by the Defendant, a device that uses a deep lung breath analysis mechanism to make impractical the operation of a motor vehicle if ethyl alcohol is detected in the breath. The device will be installed in the vehicle before the 30th day from the date of this Judgment and Defendant shall provide proof of such installation to the Court before the 30th day from the date of this Judgment. The deep lung breath analysis mechanism must remain upon the vehicle until further order of this Court but in no case less than one half of the period of Community Supervision. The device must be maintained in working condition and all terms concerning the maintenance and monitoring of the device must be complied with by the Defendant; (**Mandatory for alcohol concentrations level of .015 or more, second or subsequent DWIs, or Chapter 49 offense and the defendant is younger than 21 years of age; Art. 42A.408 CCP**)

_____ The Court specifically finds that the best interest of justice would be served by not requiring the Defendant to install on the motor vehicle owned by the Defendant or on the vehicle most driven by the Defendant, a device that uses a deep lung breath analysis mechanism to make impractical the operation of a motor vehicle if ethyl alcohol is detected in the breath. The Court makes this finding upon the following reason(s): _____;

✓ If the Defendant is arrested for an offense arising out of acts alleged to have been committed while the Defendant was operating a motor vehicle in a public place, or a watercraft, while intoxicated, the Defendant must submit to the taking of one or more specimens of the Defendant's breath or blood for analysis to determine the alcohol concentration or the presence in the Defendant's body of a controlled substance, drug, dangerous drug or other substance;

**V.     COMMUNITY SAFETY RELATED CONDITION RECOMMENDATIONS:**

_____ The Defendant's driver's license will be suspended for **90 days** and continue for an indefinite period up and until the Defendant completes the education program required pursuant to V.T.C.A. Transportation Code, Section 521.372; (**Mandatory for Chapter 49 offenses; Art. 42A.407 CCP**).

_____ The Defendant's driver's license will be suspended for **180 days** and continue for an indefinite period up and until the Defendant completes the education program required pursuant to V.T.C.A. Transportation Code, Section 521.372; (**Mandatory for second DWI related offenses; Art. 42A.407 CCP**).

_____ The Defendant's driver's license will be suspended for **one (1) year**; (**Mandatory for third or subsequent DWI related offenses; Art. 42A.407 CCP**).

_____ Defendant is ordered as a condition of community supervision, to provide a DNA sample under Subchapter G, Chapter 411, Government Code, for the purpose of creating a DNA record of the defendant, unless the defendant has already submitted the required sample under other state law; (**Mandatory for felony convictions and sex offenders; Art. 42A.352, Art. 42A.451 CCP**).

✓ The Defendant shall not purchase, obtain, or have in his/her possession a rifle, shotgun, handgun or any weapon deemed illegal, unlawful or prohibited by law, either at home, in a motor vehicle, or on his/her person.

**VI.     OTHER CONDITION RECOMMENDATIONS:**

TRAS / RUA / DEA / NBSTUAC / NBSUTR / psych eval / substance eval if TRAS reflects need / AMC / no weapon

_____
ASSISTANT CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY, TEXAS

2

CASE NO. **21-CR-2713**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 212TH JUDICIAL |
| V. | § | DISTRICT COURT OF |
| **TAYLOR ROSE ROGERS** | § | GALVESTON COUNTY, TEXAS |

## CONDITIONS OF PROBATION

1.  Commit no offense against the laws of the State of Texas or of any other State, the United States or any governmental entity;

2.  Avoid injurious or vicious habits;

3.  Report in person to the Supervision Officer, at least once each month as directed by the Supervision Officer and obey all rules and regulations of the G.C.C.S.C.D.;

4.  Permit the Supervision Officer to visit at his/her home or elsewhere without restriction;

5.  Participate fully in a risk and needs assessment conducted by G.C.C.S.C.D.

6.  If you are currently working, continue to work at such employment as long as possible and if unemployed, serious attempts must be made to find employment and proof of such attempts must be shown to the Supervision Officer at each reporting session;

7.  Remain in the following location: Galveston County, Texas unless obtaining permission to leave from this Court;

8.  Support all dependents he/she may have or acquire during the term of Community Supervision;

9.  Report within forty-eight (48) hours to the Supervision Officer any change of address, employment, or marital status; any arrests and all sources and amounts of income or money received;

10. Abstain from the use or possession of any drugs, except those taken or possessed under doctor's orders;

11. Never become intoxicated;

12. Pay to the G.C.C.S.C.D. $**60.00** per month as a Community Supervision fee;

13. Pay to the Department of Court Services $ 260.⁹ in Court Costs. Such costs shall be paid (by _____ ) (in installments of $ 15.⁰⁰ per month paid each month); **If this sentence is not a deferred adjudication and this offense was committed on or after September 1, 1997 and of the court costs, fine, and restitution are not paid within 30 days of the date of this judgment, an additional one-time fee of $15.00 shall be paid to the Department of Court Services pursuant to Local Government Code Sec. 133.103;**

14. Pay to the Department of Court Services a fine of $ _____. Such fine shall be paid (by _____) (in installments of $ _____ per month paid each month);

15. ☒ Pay to the Department of Court Services $ 22.⁰⁰ to reimburse the County for reimbursement fees. Such fees shall be paid (by _____) (in installments of $ 10.⁰⁰ per month paid each month);

16. ☒ Pay to the Department of Court Services $ **25.00** as a Crime Stoppers Program payment. Such payment shall be paid by **11/01/22**;

17. ☐ Pay to the Department of Court Services $ _____ as restitution to the victim. Such restitution shall be paid (by _____) (in installments of $ _____ per month paid each month);

18. ☐ Not operate a motor vehicle unless the vehicle is equipped with a device that uses a deep lung breath analysis mechanism to make impractical the operation of the motor vehicle if ethyl alcohol is detected in the breath of the operator;

19. ☐ The Defendant's driver's license will be suspended for **one (1) year**;

20. ☐ The Defendant's driver's license will be suspended for **one hundred eighty (180) days** and continue for an indefinite period up and until the Defendant completes the education program required in pursuant to V.T.C.A. Transportation Code, Section 521.372; and

21. ☐ The Defendant is ordered not to directly communicate with _____ or go near a residence, school or other location, to-wit: _____;

    ☐ The Defendant may have supervised access to _____ as follows, to-wit: _____;

22. ☐ Pay _____ % of the reasonable and necessary costs incurred by _____ for psychological counseling made necessary by the offense for a period not to exceed one year. The Court finds the Defendant is financially able to make said payments;

23. ☒ Serve **TWO** (2) day(s) in the Galveston County Jail; credit allowed for **TWO** (2) day(s) served;

24. ☐ Defendant is ordered as a condition of community supervision, to provide a DNA sample under Subchapter G, Chapter 411, Government Code, for the purpose of creating a DNA record of the defendant, unless the defendant has already submitted the required sample under other state law; and

25. ☒ Participate in a drug screening program designed to detect controlled substances as directed by the GCCSCD. Defendant agrees to refrain from breaking any Texas drug laws and realizes that failure to get a clean report from such drug screening may alone be sufficient to revoke his/her Community Supervision; and Pay to GCCSCD the sum of $10.00 per substance abuse test to reimburse the cost of drug/alcohol screening. Payment will be assessed at the time of each test.

## MENTAL HEALTH CASELOAD PROBATION CONDITIONS

26.  ☐  Participate in the Galveston County Community Supervision and Corrections Department Mental Health Specialized Caseload beginning upon availability or _____ _____ and faithfully follow all program policies and guidelines until successfully discharged or until further order of the Court;

27.  ☐  Defendant shall not purchase, obtain, or have in his/her possession a rifle, shotgun, handgun or any weapon deemed illegal, unlawful or prohibited by law, either at home, in a motor vehicle or on his/her person;

Signed and Entered on this the 1ST day of September, A.D., 2022.

JUDGE PRESIDING
212TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

NO. 21-CR-2713

THE STATE OF TEXAS

VS.

TAYLOR ROSE ROGERS

FILED

IN THE DISTRICT COURT OF

2022 NOV -1 PM 2: 41

GALVESTON COUNTY, TEXAS
212th JUDICIAL DISTRICT

### ORDER MODIFYING COMMUNITY SUPERVISION PURSUANT TO RISK ASSESSMENT ANALYSIS

The Defendant in the above styled and numbered cause was placed on Community Supervision on the 1st day of September, 2022 for a period of TWO (2) year (s). After reviewing the Defendant's completed risk and needs assessment in accordance with Article 42A.301 of the Texas Code of Criminal Procedure, it is now the order of this Court that the Defendant's Community Supervision be modified to include the following additional conditions:

**A.      COMMUNITY RESTORATION, EDUCATION & FINANCIAL SITUATION RELATED CONDITIONS:**

_____ Pay to the Department of Court Services $ _____ to reimburse the County for extradition costs. Such costs shall be paid (by _____) (in installments of $ _____ per month paid each month);

_____ Pay to the Department of Court Services $ _____ as a payment to the Resource & Crisis Center of Galveston County, Inc. of Galveston County, Texas, pursuant to *Article 42.12, Sec. 11 (h) C.C.P.* Such payment shall be paid in full within sixty (60) days from the date of this judgment;

_____ Participate in a drug screening program designed to detect controlled substances as directed by the G.C.C.S.C.D., Defendant agrees to refrain from breaking any Texas drug laws and realizes that failure to get a clean report from such drug screening may alone be sufficient to revoke his/her Community Supervision. Pay to G.C.C.S.C.D. the sum of $10.00 per substance abuse test to reimburse for the cost of drug/alcohol screening. Payment will be assessed at the time of each test. ;
**Defendant may not refuse a blood, urine, or Breathe test during the period of probation**

_28_ Demonstrate to the G.C.C.S.C.D. that Defendant has attained an education skill level that is equal to or greater that the average skill level of students who have completed the sixth grade in public schools in this State;

_____ Attain the educational skill level set forth above;

_29_ Perform _160_ hour(s) of Community Service work as approved by the Court. Said hours shall be completed at a rate of no less than sixteen (16) hours per month until completed;

**B.      VICTIM PROTECTION AND RESTORATION RELATED CONDITIONS:**

**C.      SUBSTANCE USE RELATED CONDITIONS:**

_30_ Within SIXTY (60) days make an appointment for a **SUBSTANCE ABUSE** assessment evaluation and furnish proof to the Supervision Officer of such appointment and then a written report with the findings and recommended therapy shall also be furnished to the Supervision Officer. The Defendant will maintain the treatment suggested until finally released and proof of release once again furnished to the Supervision Officer in writing; (Mandatory for Intoxication Assault, Intoxication Manslaughter, second or subsequent DWI, or conviction of an offense under Chapter 49; Art. 42A.257, Art. 42A.402 CCP).

_31_ Within thirty (30) days make an appointment for a PSYCHOLOGICAL assessment evaluation and furnish proof to the Supervision Officer of such appointment and then a written report with the findings and recommended therapy shall also be furnished to the Supervision Officer. The Defendant will maintain the treatment suggested until finally released and proof of release once again furnished to the Supervision Officer in writing;

_32_ Within 180 days from today's date the Defendant is ordered to enroll in a Thinking for a change class. The Defendant shall attend and successfully complete said Program. Upon completion of this Program, the Defendant must provide written documentation of completion to the Community Supervision Officer. The Defendant will be financially responsible for these services

_33_ Defendant shall not purchase, obtain, or have in his/her possession a rifle, shotgun, handgun or any weapon deemed illegal, unlawful or prohibited by law, either at home, in a motor vehicle or on his/her person;

**D.      CONFINEMENT RELATED CONDITIONS:**

**E.      CRIMINAL ATTITUDES AND BEHAVIORAL PATTERN RELATED CONDITIONS:**

**F.      COMMUNITY SAFETY RELATED CONDITIONS:**

**G.      OTHER CONDITIONS:**

21 – CR – 2713
DCORMODCP
Order Modifying Conditions of Probation
2473093

1

All references in this ORDER to G.C.C.S.C.D. means the Galveston County Community Supervision and Corrections Department.

All other conditions of supervision imposed on and since the 1st day of September, A.D., 20 22 , shall remain in full force and effect.

SIGNED on this the ___1___ day of November 2022

                                        _____
                                        JUDGE\
                                        JUDICIAL DISTRICT COURT
                                        GALVESTON COUNTY, TEXAS

I acknowledge receipt of a copy of the above Order Modifying Community Supervision and fully understand same.

                                        _____
                                        DEFENDANT

2

CITY 000087

FILED

NO. 21CR2713

23 JAN 25

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| VS. | * | GALVESTON COUNTY, TEXAS |
| TAYLOR ROSE ROGERS | * | 212TH JUDICIAL DISTRICT |

ORDER MODIFYING COMMUNITY SUPERVISION JUDGMENT

Defendant in the above cause was placed on community supervision on the 1st day of September, 2022, for a period of

two (2) years for the offense of Evading Arrest Det W/Veh.  It is now the ORDER of the Court that the Defendant's

Community Supervision be modified in the following manner:

34.     Participate in the Galveston County Community Supervision and Corrections Department Mental
Health Specialized Caseload beginning upon availability or _1/25/23_
and faithfully follow all program policies and guidelines until successfully discharged or until
further order of the Court.

All other conditions of supervision imposed on and since the 1st day of September, 2022, shall remain in full force and
effect.

_1/25/23_
Date

_____
Judge Patricia Grady
212th Judicial District Court
Galveston County, Texas

_____
Taylor Rose Rogers, Defendant

C S.O.:  Alexis Roberts

21-CR-2713
DCORMODCP
Order Modifying Conditions of Probation
2517211

CITY 000088