UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TAYLOR ROSE ROGERS | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No.: 3:24-cv-00038 |
| CITY OF SANTA FE, et al., | § § § | |
| *Defendants,* | § § | |

### DEFENDANT CARRANZA'S OPPOSED MOTION TO EXCLUDE NON-RETAINED EXPERTS

Defendant City of Santa Fe, Texas, police officer Christian Carranza moves the Court, under Fed R. Civ. P. 37(c)(1) to exclude testimony Plaintiff failed to properly disclose as required by Fed. R. Civ. P. 26(a)(2)(C).

### CERTIFICATE OF CONFERENCE

1. Counsel conferred in good faith attempt to resolve the issue by agreement, but the parties could not reach an agreement. The parties disagreed about Plaintiff's compliance with relevant disclosure rules. Plaintiff opposes the relief sought by this motion.

### NATURE AND STAGE OF PROCEEDING

2. Plaintiff asserts claims against Officer Christian Carranza under 42 U.S.C. § 1983 based on the alleged violation of Plaintiff's Fourth Amendment Rights. [Doc. 22]

3. On November 3, 2024, Plaintiff served his Rule 26(a)(2) expert disclosures. *See* Plaintiff's Expert Designation attached hereto as *Exhibit 1*. As non-retained

1

experts, Plaintiff identified Dr. Anh Dinh, Dr. Chad T. Porter, Dr. Akhassan Abdul-Aziz and Dr. DeShauris Bradford. Plaintiff's Expert Designation p. 3-4. Because Plaintiff's non-retained disclosures are inadequate as to Dr. Anh Dinh, Dr. Chad T. Porter, Dr. Akhassan Abdul-Aziz, Dr. DeShauris Bradford, and other unnamed individuals, Officer Carranza moves to exclude testimony from undisclosed individuals.

## SUMMARY OF ARGUMENT

4.  While Plaintiff purported to disclose witnesses as "non-retained" experts who are not required to provide expert reports otherwise required under Rule 26(a)(2)(B), Plaintiff's disclosures are facially deficient and fail to satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(C). First, aside from identifying by name only two healthcare providers as potential witnesses, Plaintiff failed to identify the names of any proposed witness associated with two different entities.

5.  Second, Plaintiff failed to identify the subject matter on which any non-retained expert is expected to present evidence and Plaintiff failed to summarize the facts and opinions as to which each non-retained expert is expected to testify. Under Rule 37(c)(1), Plaintiff is prohibited from calling to testify at trial either of the individuals identified by name, as well as any unidentified employee of a business.

ARGUMENT AND AUTHORITIES

**A. Plaintiff's non-retained expert witness disclosures are facially deficient.**

6. Rule of Procedure 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence." FED. R. CIV. P. 26(a)(2)(A). Additionally, Rule 26(a)(2)(C) governs mandatory disclosures of non-retained experts for which Plaintiff "must provide disclosures stating both the subject matter on which the non-retained expert is expected to present evidence and a summary of the facts and opinions as to which the non-retained expert is expected to testify." *Tolan v. Cotton*, No. H-09-1324, 2015 U.S. Dist. LEXIS 121717, at *4 (S.D. Tex. 2015) (Harmon, J.).

7. Plaintiff, as proponent of opinion testimony that Plaintiff seeks to admit, bears the burden of showing that proffered opinion testimony is admissible. *See United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004). Although the disclosure of non-retained experts does not require "undue detail," under Rule 26(a)(2)(C), "some specificity is required." *Solorzano v. Passafiume*, No. H-19-3556, 2020 U.S. Dist. LEXIS 186851, at *7 (S.D. Tex. 2020) (Rosenthal, J.). "All that is required is a **summary of the subject matter on which the expert will testify, the expert's opinions, and the underlying factual basis for those opinions.**" *Id*. at **7–8 (emphasis added). Plaintiff failed to meet this minimal standard.

      **a. Plaintiff failed to disclose the identity of witnesses who treated Plaintiff's alleged injuries.**

8. "By choosing to file a formal designation of expert witnesses, Plaintiff[] submitted [herself] to the requirements of Rule 26, the most basic of which is to disclose to the other parties 'the **identity** of any witness [a party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.'" *Aguirre v. S&B Eng'rs & Constructors, LTD.*, Civ. Action No. 1:13-cv-384-MAC, 2014 U.S. Dist. LEXIS 201909, *12 (E.D. Tex. 2014) (emphasis added).

9. Aside from identifying Dr. Anh Dinh and Dr. Chad T. Porter from Townsen Memorial Imaging, and Dr. Akhassan Abdul-Aziz and Dr. DeShauris Bradford from HCA Houston Memorial, Plaintiff identified only business entities—not any individual from facilities Elevate HC Texas and Minivasive Pain and Orthopedic. Plaintiff only generically and without providing names or information of any proposed experts, disclosed as experts: (1) "[m]edical care providers, staff, and custodians of records" associated with Elevate HC Texas; and (2) "[m]edical care providers, staff, and custodians of records" associated with Minivasive Pain and Orthopedic. Plaintiff's Expert Designation, p. 3-4.

10. Obviously, Plaintiff's disclosure does not meet the requirements to "identify" the proposed witness Plaintiff may call. Plaintiff's mere listing of unnamed health or medical care providers, employees, contractors, and custodian of records from three different entities is "wholly insufficient [and thus] Plaintiff[] [has] failed to satisfy the identity requirement of Rule 26(a)(2)(A)." *Aguirre*, 2014 U.S. Dist. LEXIS 201909, at *12.

4

### b. Plaintiff failed to meet both requirements of Rule 26(a)(2)(C)

11. Even if *arguendo* Plaintiff had properly identified individual potential witnesses from the two entities, as Judge Rosenthal explained in *Solorzano, supra.* — Rule 26(a)(2)(C) further requires a party to state for each non-retained witness (1) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705;" and (2) "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). This, Plaintiff failed to do.

12. Plaintiff's broad descriptions, none of which identify any potential testimony, do not satisfy the "subject matter" requirement under Rule 26(a)(2)(C)(i). The Northern District of Texas court found plaintiff "fail[ed] to state the subject [matter] of [Conrad Hamric, LCSW's] testimony, required under Rule 26(a)(2)(C)(i)" when plaintiff merely stated in plaintiff's disclosures: "Conrad Hamric and any and all other healthcare providers associated with Conrad Hamric involved in the examination, diagnosis, care or treatment of Plaintiff. Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff." *Erving v. Dallas Hous. Auth.*, Civ. Action No. 3:16-CV-1091, 2018 U.S. Dist. LEXIS 157850, *38-39 (N.D. Tex. 2018). Plaintiff's generic descriptions are likewise deficient in providing the subject matter of proposed testimony.

13. Plaintiff's expert disclosures also fail to satisfy the second requirement of Rule 26(a)(2)(C)(ii). As Judge Harmon, writing for this Court, explained, "[m]erely stating the topic matters of facts relied upon does not suffice." *Tolan*, 2015 U.S.

Dist. LEXIS 121717, at *15 (citation omitted). This Court has held that broadly asserting non-retained experts "will offer opinions and testimony regarding Robert Tolan's prospects as a major league baseball player before and after his injuries," fell far short of the disclosure requirements of Rule 26(a)(2)(C)(ii), because this statement fails to "identify the **actual substance** of the opinions and testimony." *Id.* at *18 (emphasis added). The Plaintiff must provide at least a "brief account of the main opinions" of each non-retained expert and a "brief account of the facts" on which the expert relied. *Id.* at *15 (citation omitted).

14.    Judge Hitner, writing for this Court held even more detailed designations of non-retained expert witnesses insufficient where the plaintiff stated the witnesses would testify to "the nature extent and severity of Plaintiff's injuries, incapacitates, and disabilities alleged"; "Plaintiff's injuries are a result in whole or in part of the injuries received by the Defendants and made the subject of this suit"; and "immediate treatment of Plaintiff's injuries was necessitated . . . ." *Moore v. City of Hous.*, Civil Action No. H-17-2505, 2019 U.S. Dist. LEXIS 231430, at *11 (S.D. Tex. 2019) (Hittner, J.).

15.    Here, Plaintiff provided even more bare-boned descriptions for Dr. Anh Dinh and Dr. Chad T. Porter: "[t]reating physicians will give their opinion on Plaintiff's treatment, injuries, causation, necessary treatment and billing based upon their treatment and examination due the incident and from medical records produced." Plaintiff's Expert Designation, p. 3.

6

16. Moreover, for Dr. Akhassan Abdul-Aziz and Dr. DeShauris Bradford and the unidentified witnesses, Plaintiff provided: "[h]as knowledge of treatment diagnosis, and condition of Plaintiff and as set forth in medical records produced." *Id.* Such descriptions are nothing more than general, catch-all topics, none of which identify potential testimony, let alone the bases therefore, of testimony. Plaintiff fails in her disclosure burden because Plaintiff makes no effort whatsoever to "identify when these physicians treated Plaintiff, what they treated Plaintiff for and does not provide any affidavits and/or specifically identify the relevant medical records related to each physician." *Salas v. Transwood Logistics*, No. 6:19-CV-101, 2021 U.S. Dist. LEXIS 189808, at *11 (S.D. Tex. 2021) (Libby, M.J.).

17. Plaintiff's catch-all descriptions are comparable to those at issue and rejected as inadequate by Judge Miller in *Kemp v. City of Houston* where defendants provided "extremely broad statements . . . under the list of multiple potential experts." *Kemp v. City of Hous.*, No. H-10-3111, 2013 U.S. Dist. LEXIS 207981, at *14 (S.D. Tex. 2013) (Miller, J.). Judge Miller found the defendants' designation insufficient under Rule 26:

> Rule 26(a)(2)(C) requires [defendants] to provide a summary of the facts or opinions about which *each* witness may testify. The extremely broad statements that [d]efendants provide under the list of multiple potential experts is insufficient to satisfy the Rule's requirements, as the statements essentially indicate that the witnesses *may* know *something* about this case.

7

*Id.* (emphasis in original). It is clear that, consistent with the important notice function of mandatory disclosures, this Court does tolerate non-compliance, indeed under Rule 37(c), the Court should not indulge such non- compliance.

18.    Failure to comply with Rule 26(a) disclosures bars the party from "us[ing] that information or witness to supply evidence . . . at a trial, unless the failure was substantively justified or is harmless." *Moore*, 2019 U.S. Dist. LEXIS 231430, at *10; FED. R. CIV. P. 37(c)(1).

19.    To determine if a failure to comply with Rule 26(a) is substantially justified or harmless, the Court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Moore*, 2019 U.S. Dist. LEXIS 231430, at *11 (citation omitted).

20.    Plaintiff's designations are clearly insufficient, the insufficiency of which is not harmless. First Defendants still do not know even the name(s), let alone the qualifications of all but four possible witnesses, of a field of potentially hundreds of non-retained experts—i.e., "[m]edical care providers, staff, and custodians of records"—Plaintiff must comply with the provisions of Rule 26 which requires a summary of the expected expert opinion testimony and relied-upon facts for each witness.

21.    Ostensibly, the main purpose of designating these medical providers "is to obtain their expert medical opinions concerning the cause and extent of Plaintiff's

8

injuries. This is important evidence . . . However, the importance of the evidence is outweighed by the potential prejudice to [Defendant] and the lack of any explanation for the inadequate disclosure." *Knighton v. Lawrence*, Civil Action No. SA-14-CV-718-XR, 2016 U.S. Dist. LEXIS 105088, at *6 (W.D. Tex. 2016). Indeed, the court in *Knighton* granted one party's motion to exclude after finding that party's failure to provide summaries of the designated 29 medical providers' opinions "w[ould] prejudice and unduly burden" the other side's preparation of the case. *Id.* at *7.

22. There is no apparent justification or explanation for the Plaintiff's failure to comply with Rule 26. Plaintiff's failure is neither substantially justified nor harmless. Under Rule 37(c)(1), this Court should bar Plaintiff from "us[ing] that information or [Plaintiff's non-retained] witness[es] to supply evidence . . . at trial." FED. R. CIV. P. 37(c)(1).

## CONCLUSION

23. Defendant moves the Court to exclude in their entirety Plaintiff's insufficiently designated Rule 26(a)(2)(C) non-retained expert witnesses.

Respectfully submitted,

By: /s/ *Norman Ray Giles*
William S. Helfand
Attorney-in-Charge
Bill.Helfand@lewisbrisbois.com
State Bar No. 09388250
Southern District of Texas Bar No. 8791
Norman Ray Giles
Norman.Giles@lewisbrisbois.com
State Bar No. 24014084
Southern District of Texas Bar No. 26966

9

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP

24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (fax)
Attorneys for Defendant
Officer Christian Carranza

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on February 13, 2025.

    Randall L. Kallinen
    Kallinen Law PLC
    511 Broadway Street
    Houston, Texas 77012
    *Attorneys for Plaintiff*

                                              */s/ Norman Ray Giles*
                                              Norman Ray Giles

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TAYLOR ROGERS §<br>  *Plaintiff*, §<br> §<br>v. §<br> §<br> §<br>CITY OF SANTA FE, SERGEANT §<br>RUBEN ESPINOZA, AND OFFICER §<br>CHRISTIAN CARRANZA §<br>  *Defendants*, §<br> § | Civil Action No.: 4:23-cv-02757 |

ORDER

The Court, having considered Defendant Carranza's motion to exclude undisclosed expert opinion testimony, finds the motion should be **GRANTED**.

Testimony from Plaintiff's non-retained experts is excluded from admission into evidence in this case.

**IT IS SO ORDERED.**

SIGNED on Galveston Island this the ___ day of _____, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE