United States District Court
Southern District of Texas
**ENTERED**
June 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TAYLOR ROSE ROGERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:24-cv-38 |
| | § | |
| CITY OF SANTA FE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the court are defendants Ruben Espinoza and Christian Carranza's motions for summary judgment. Dkt. 54, 55. The court denies both motions.

Carranza moves for summary judgment on the excessive-force claim. Dkt. 55 ¶¶ 2–5. But four disputed facts preclude summary judgment: (1) Carranza's continued use of leg leverage on Rogers after she had been subdued and stopped struggling; (2) Carranza's failure to remove Rogers from the ant pile immediately upon learning of the ants; (3) Carranza's attempt to subdue Rogers against the ground by folding her legs and kneeling on them after Carranza knew ants were on Rogers and biting her; and (4) Carranza's failure to render aid or remove the biting ants after standing

Rogers up, handing her off to another officer, and escorting her to the police department. *See* Dkts. 22, 55, 57.

For the same reasons, Carranza is also not entitled to qualified immunity at this stage. *Carroll v. Ellington*, 800 F.3d 154, 177 (5th Cir. 2015) ("[O]nce a suspect has been handcuffed and subdued, and is no longer resisting, an officer's subsequent use of force is excessive."); *Cooper v. Brown*, 844 F.3d 517, 524 (5th Cir. 2016) ("[O]nce an arrestee stops resisting, the degree of force an officer can employ is reduced."); *Newman v. Guedry*, 703 F.3d 757, 763–64 (5th Cir. 2012) ("Qualified immunity will not protect officers who apply excessive and unreasonable force merely because their means of applying it are novel."). Accordingly, the court denies Carranza's motion. Dkt. 55.

Espinoza moves for summary judgment on the bystander-liability claim. Dkt. 54 at 8–9. Because genuine disputes remain as to whether Rogers' constitutional rights were violated, as explained above, Espinoza is not entitled to summary judgment. *Timpa v. Dillard*, 20 F.4th 1020, 1038 (5th Cir 2021) (requiring a constitutional violation); Fed. R. Civ. P. 56(a). Espinoza's motion for summary judgment is denied. Dkt. 54.

Espinoza also argues in his reply that Rogers never pleaded excessive force against him but that he would be entitled to summary judgment if she

had. Dkt. 59 at 1–7. Not true. Espinoza recognized the excessive-force claim against him when he moved to dismiss it.* Dkt. 24 at 4–7. The court denied that motion in whole, although it did not discuss that argument specifically. Dkt. 38 at 16. Rogers also implicates "all defendants" in her excessive-force claim, Dkt. 22 at 13, and alleges both "ESPINOZA AND CARRANZA used excessive force against Plaintiff when they flung and slammed Plaintiff to the ground." *Id.* ¶ 83 (cleaned up). Even Espinoza admits he "place[d] Rogers on the ground" and attaches video and documentary evidence as proof. Dkts. 54 at 12; 54-2 at 3, 15; 61, Ex. 1A at 08:25:26. Consequently, Espinoza had fair notice of Rogers' excessive-force claim against him. Espinoza is not entitled to summary judgment on that claim because "[a]rguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).

Signed on Galveston Island this 4th day of June, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

* The court defers to the allegations contained in Rogers' complaint and not Espinoza's framing of those allegations or his framing of how the court understands them. *See* Dkt. 59 at 1–2; *see also* Dkt. 24 at 6 (framing the allegation as only related to the vehicle collision).